O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VICTOR SANCHEZ, | ) | NO. CV 11-6950-VBF (MAN) |
| Plaintiff, | ) ) | MEMORANDUM AND ORDER DISMISSING |
| v. | ) ) | COMPLAINT WITH LEAVE TO AMEND |
| INDUSTRY SHERIFF, et al, | ) ) | |
| Defendants. | ) ) ) | |

Plaintiff, a detainee in the Los Angeles County Jail ("Jail"), proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, on August 29, 2011 ("Complaint").[1]

Congress has mandated that courts perform an initial screening of civil rights actions brought by prisoners with respect to prison conditions and/or that seek redress from a governmental entity or

---

[1] Plaintiff's address of record in this action is the Jail. Over the past month, all documents served on plaintiff at his address of record have been returned to the Court undelivered with the notation "Released." (*See* Docket, Nos. 6-8.) Plaintiff is reminded of the requirement that he provide the Court with his current address and is advised that his failure to keep the Court apprised of his current address may result in the dismissal of this action. Local Rule 41-6.

officer or employee of a governmental entity. The Court "shall" dismiss a prisoner civil rights action if the Court concludes that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from suit. 8 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  In screening such a complaint, the Court must construe the allegations of the complaint liberally and must afford the plaintiff the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  A *pro se* litigant must be given leave to amend his or her complaint, unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  *Id.*; Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

**ALLEGATIONS OF THE COMPLAINT**

The sole defendant is Deputy Sheriff Rodriguez of the Los Angeles County Sheriff's Department, Badge Number. 456360.  (Complaint at 1.) Plaintiff sues Deputy Rodriguez in his individual and official capacities. (*Id.*)

Plaintiff alleges that, on May 5, 2011, Deputy Rodriguez and Deputy Vargas hit him with their patrol car. (Complaint at 3, 5.)  The two deputies lied about doing so in their police report, and Deputy Rodriguez gave false testimony about the incident in court. (*Id.* at 5.) Deputies Rodriguez and Vargas did not take plaintiff to the hospital. (*Id.*)  Hours later, other deputies took him to the hospital, where he received an MRI and a CAT. (*Id.*)  He suffered injuries to his neck, back, and left knee, as well as nerve damage. (*Id.* at 6.)

2

Plaintiff asserts claims under the Eighth and Fourteenth Amendments. (Complaint at 5.) He seeks damages in the amount of $6,650,332.50. (*Id.* at 6.)

## DISCUSSION

### I. **PLAINTIFF MUST NAME DEPUTY RODRIGUEZ IN THE CAPTION.**

Rule 10(a) of the Federal Rules of Civil Procedure requires the name of each defendant to be included in the caption of the complaint. Fed. R. Civ. P. 10(a); *see also* Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992); Local Rule 11-3.8. Currently, the caption of the Complaint gives the defendant as "Indistry [*sic*] Sherriff [*sic*]." If plaintiff files a First Amended Complaint against Deputy Rodriguez, he must include his name in the caption.

### II. **PLAINTIFF FAILS TO STATE AN INDIVIDUAL CAPACITY CLAIM AGAINST DEPUTY RODRIGUEZ.**

Plaintiff asserts claims under the Cruel and Unusual Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment based on allegations that defendant: (1) struck plaintiff with defendant's patrol car; (2) lied about it in his police report and on the stand; and (3) did not drive plaintiff to the hospital. The Court will address these allegations separately.

**A.   Allegations That Defendant Hit Plaintiff With His Patrol Car**

Plaintiff alleges that defendant struck him with his patrol car. (Complaint at 3, 5.)  Plaintiff provides no further facts regarding the incident.

Although a complaint need not contain "detailed factual allegations" to state a claim, it must give the defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007). Plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).  A complaint that contains only "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.  A complaint is also insufficient if it tenders only "naked assertion[s]" devoid of "further factual enhancement."  Iqbal,129 S. Ct. at 1949; Twombly, 550 U.S. at 557, 127 S. Ct. at 1966.  Rather, the complaint must contain sufficient factual matter, which if accepted as true, would "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. 1949 (quoting Twombly, 550 U.S. at 570, 127 S. Ct. at 1974).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Applying these standards, it is apparent that the Complaint is a textbook example of "an unadorned, the-defendant-unlawfully-harmed-me

4

accusation" that is insufficient to state a claim. Iqbal, 129 S. Ct. at 1949. There are no allegations describing how plaintiff came to be hit by the patrol car. Was plaintiff an innocent bystander or was he being pursued by the police? What was the patrol car doing when it struck him, and what was plaintiff doing when he was struck? Significantly, the Complaint does not contain even a conclusory allegation that defendant intentionally struck plaintiff with the patrol car, much less facts supporting a reasonable inference that defendant did so. Was plaintiff arrested, and if so, on what charges?

Absent additional factual detail, the Court cannot determine the applicable constitutional provision and whether plaintiff has stated a claim under the applicable standard. Claims for excessive force in an arrest, investigatory stop, or other seizure of a free person must be brought under the Fourth Amendment and analyzed under its objective reasonableness standard. Graham v. Connor, 490 U.S. 386, 388, 109 S. Ct. 1865, 1867-68 (1989). A seizure within the meaning of the Fourth Amendment occurs when government officials have, by means of physical force or a show of authority, in some way restrained an individual's liberty. *Id*. at 395 n.10, 109 S. Ct. at 1871 n.10. There must be a "governmental termination of freedom of movement *through means intentionally applied*." Brower v. County of Inyo, 489 U.S. 593, 597, 109 S. Ct. 1378, 1381 (1989) (*emphasis in original*). When no seizure has occurred, the excessive force claim falls outside the Fourth Amendment and its "reasonableness standard" and, instead, comes within the ambit of the substantive due process component of the Fourteenth

Amendment.[2] *See* <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 844, 118 S. Ct. 1708, 1715 (1998)(holding that no Fourth Amendment seizure occurred when a police car pursuing a motorcyclist at a high speed accidentally crashed into him).  In such a case, liability requires a showing that the police conduct was so egregious that it "shocks the conscience."  *Id.* at 846-47, 118 S. Ct. at 1716-17.

Given the sparse allegations of the Complaint, the Court cannot determine whether the patrol car struck plaintiff in the course of a seizure and the applicable standard is the reasonableness standard of the Fourth Amendment, or whether no seizure occurred and the applicable standard is the more demanding "shocks the conscience" standard of the Fourteenth Amendment.  It is clear, however, that plaintiff's sketchy allegations utterly fail to meet either standard.  *See, e.g.,* <u>Thomas v. City of Columbus</u>, 198 F. Supp. 2d 1360, 1366 (M.D. Ga. 2002)(when officers pursuing a fleeing suspect accidentally struck him with their vehicle, no Fourth Amendment seizure occurred and their conduct was not conscience-shocking under the Fourteenth Amendment).

For these reasons, plaintiff fails to state an excessive force claim against Deputy Rodriguez.

///

///

///

---

[2] The Eighth Amendment is plainly inapplicable, because it applies only to excessive force claims brought by convicted prisoners. *See* <u>Graham</u>, 490 U.S. at 395 n.10, 109 S. Ct. at 1871 n.10; <u>Ingraham v. Wright</u>, 430 U.S. 651, 671 n.40, 97 S. Ct. 1401, 1412 n.40 (1977).

6

### B. Allegations That Defendant Lied In The Police Report And On The Stand

Plaintiff alleges that defendant falsely described the incident in his police report and gave false testimony about it in court. (Complaint at 5.) Plaintiff does not identify the proceedings during which defendant testified. Further, plaintiff does not allege in what respect defendant's testimony and statements in the police report were false, and how plaintiff was injured as a result. If plaintiff contends that defendant's allegedly false statements constituted a cover-up, his claim is premature, because his Section 1983 claims based on the incident, *i.e.*, his claims in this action, are still pending. *See* Karim-Panahi, 839 F.2d at 625; Rose v. City of Los Angeles, 814 F. Supp. 878, 881 (C.D. Cal. 1993). If plaintiff intends to assert a Section 1983 malicious prosecution claim, his claim fails, because he has not described the allegedly false testimony or the nature of the proceedings against him, nor has he specified whether the proceedings are still pending or, if not, whether they terminated in his favor. *See* Usher v. City of Los Angeles, 828 F.2d 556, 562 (9th Cir. 1987)(setting forth the elements of a Section 1983 malicious prosecution claim).

For these reasons, plaintiff fails to state a due process claim based on allegations that defendant made false statements in a police report and gave false testimony.

///
///
///
///

### C. Allegations That Defendant Failed To Take Plaintiff To The Hospital.

The Due Process Clause requires responsible governmental officials to secure medical care for a suspect injured while being apprehended by the police.[3] See City of Revere v. Massachusetts Gen. Hospital, 463 U.S. 239, 244-45, 103 S. Ct. 2979, 2983 (1983). This constitutional obligation can be met by taking the injured suspect to the hospital or by summoning medical aid. Id.; Tatum v. City and County of San Francisco, 441 F.3d 1090, 1098-99 (9th Cir. 2006); Maddox v. City of Los Angeles, 792 F.2d 1408, 1414 (9th Cir. 1986). The due process rights of a suspect in this situation are at least as great as the Eighth Amendment protections available to convicted prisoners. City of Revere, 463 U.S. at 244, 103 S. Ct. at 2982. The Eighth Amendment's proscription of cruel and unusual punishment is violated by "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976).

Here, although Deputy Rodriguez did not provide plaintiff with medical care, "hours later" other deputies took him to the hospital. (Complaint at 5.) A delay in medical treatment may amount to deliberate indifference only if the delay led to further injury. Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985); see also Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002)(prisoners alleging

---

[3] The Court will analyze this claim under the assumption that plaintiff was taken into police custody after he was struck by the police car. If this factual assumption is incorrect, plaintiff should clarify the matter in his First Amended Complaint.

that delay of medical treatment evinces deliberate indifference must show that the delay led to further injury). Plaintiff has not alleged that the delay in taking him to the hospital caused him further medical injuries. Nor has plaintiff alleged that his need for medical care was such that Deputy Rodriguez should have known that delay would be harmful. *See id.*

Accordingly, plaintiff fails to state a due process claim based on allegations that defendant did not take him to the hospital.

### III. **PLAINTIFF FAILS TO STATE AN OFFICIAL CAPACITY CLAIM AGAINST DEPUTY RODRIGUEZ**.

Plaintiff has sued Deputy Rodriguez in both his official and individual capacities. (Complaint at 3.)

An official capacity claim is merely another way of pleading a claim against the governmental entity of which the official is an agent. Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 2035 n.55 (1978). Plaintiff's official capacity claims against Deputy Rodriguez, therefore, are claims against the Los Angeles County Sheriff's Department ("Sheriff's Department").

A local governmental entity such as the Sheriff's Department "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury

9

that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694, 98 S. Ct. at 2037-38.  Thus, the Sheriff's Department is not liable for the acts of its employees, unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or unless the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." Id. at 690-91, 98 S. Ct. at 2035-36.

Plaintiff has not alleged that Deputy Rodriguez struck him with his patrol car and failed to take him to the hospital pursuant to a policy, custom, or practice of the Sheriff's Department.  See Monell, 436 U.S. at 690-91, 694, 98 S. Ct. at 2035-36, 2037-38.  The Complaint thus contains no factual allegations supporting a plausible Monell claim, and is deficient.  Iqbal, 129 S. Ct. at 1950.

Accordingly, plaintiff fails to state a claim against Deputy Rodriguez in his official capacity.

**CONCLUSION**

For the foregoing reasons, the Complaint is dismissed with leave to amend.  If plaintiff wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a First Amended Complaint that attempts to cure the defects in the Complaint described herein.  The First Amended Complaint, if any, shall

be complete in itself.  It shall not refer in any manner to the original Complaint.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described herein, may result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).**

DATED: October 3, 2011

                                              /s/ Margaret A. Nagle
                                              MARGARET A. NAGLE
                                        UNITED STATES MAGISTRATE JUDGE