Henry Patrick Nelson, CSB #32249
Amber A. Logan, CSB #166395
*Nelson & Fulton*
Equitable Plaza, Suite 2800
3435 Wilshire Boulevard
Los Angeles, CA. 90010-2014
(213)365-2703 / Fax (213)365-9130
nelson-fulton@covad.net

Attorneys for Defendants, County of Los Angeles
Deputies Rodriguez and Vargas

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY LUIS RODRIGUEZ, DEPUTY ART VARQUEZ, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT AND DOES,<br><br>Defendants. | CASE NO. CV 11-06950-VBF (MAN)<br><br>[Fee Exempt - Govt. Code § 6103]<br><br>**DEFENDANTS COUNTY OF LOS ANGELES, DEPUTY RODRIGUEZ AND DEPUTY VARGAS' MOTION TO COMPEL PLAINTIFF'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF LAW; DECLARATION OF AMBER A. LOGAN**<br><br>[F.R.C.P. 33, 34 and 37]<br><br>Judge: Hon. Margaret A. Nagle<br>Courtroom 580 |

PLEASE TAKE NOTICE that Defendants COUNTY OF LOS ANGELES (also sued herein as the Los Angeles County Sheriff's Department), DEPUTY LUIS RODRIGUEZ, and DEPUTY ART VARGAS, hereby move the Court for an order to compel the plaintiff to provide responses to the Interrogatories and Requests for Production of Documents pursuant to the Federal Rules of Civil Procedure, Rules 33, 34 and 37.

PURSUANT TO THE SCHEDULING ORDER ISSUED December 11, 2012, no hearing date will be set for this motion as the plaintiff is proceeding pro se, and is currently incarcerated.

1    This motion will be made on grounds that Plaintiff has tendered no responses to the

2    defendants' written discovery served on January 11, 2013.

3    This motion is based upon this Notice; the Memorandum of Law; the Declaration of

4    Amber A. Logan; and upon such evidence, oral as presented to the court.

5    **ANY OPPOSITION TO THIS MOTION SHALL BE FILED AND SERVED**

6    **NOT LATER THAN THIRTY (30) DAYS AFTER SERVICE OF THIS MOTION.**

7    **MEET AND CONFER EXEMPTION**

8    Although the Case Management and Scheduling Order issued December 11, 2012,

9    exempts the parties from the requirements of Local Rules 37-1 through 37-4, on February

10    28, 2013, defense counsel wrote plaintiff a letter attempting to resolve the outstanding

11    discovery issues.  The plaintiff failed to respond.

12
13    DATED: March 12, 2013                    NELSON & FULTON

14
15                                                    By: s / Amber A. Logan
                                                         HENRY PATRICK NELSON
16                                                       AMBER A. LOGAN
                                                         Attorneys for Defendants,
17                                                       County of Los Angeles, et al.

18

19

20

21

22

23

24

25

26

27

1

## **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II.   STATEMENT OF DISPUTED DISCOVERY  . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

A.    Defendant County of Los Angeles' Interrogatories to Plaintiff (Set One)  . . . . . . . . . 5

B.    Defendant County of Los Angeles' Request for Documents to Plaintiff (Set One  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

C.    Defendant Deputy Rodriguez' Interrogatories to Plaintiff (Set One)  . . . . . . . . . . . . 12

D.    Defendant Deputy Rodriguez' Request for Documents to Plaintiff (Set One)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

E.    Defendant Deputy Vargas' Interrogatories to Plaintiff (Set One)  . . . . . . . . . . . . . . . 16

F.    Defendant Deputy Vargas' Request for Documents to Plaintiff (Set One)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

III.  MEMORANDUM OF LAW  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

A.    THE DEFENDANT IS ENTITLED TO AN ORDER COMPELLING PLAINTIFF'S INTERROGATORY RESPONSES  . . . . . . . . . . . . . . . . . . . . . . . . 20

B.    THE DEFENDANT IS ENTITLED TO AN ORDER COMPELLING PLAINTIFF'S RESPONSES TO THE DOCUMENT REQUESTS AND PRODUCTION OF THE DOCUMENTS REQUESTED  . . . . . . . . . . . . . . . . . . . 21

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

DECLARATION OF AMBER A. LOGAN  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

1

# TABLE OF AUTHORITIES

2

**CASES**                                                                    **Page(s)**

3

Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)  . . . . . . . . . . . . . . . . . . . . . . . . . . 20

4

Richmark Corp., v. Timber Falling Consultants,
    959 F.2d 1468, 1473 (9th Cir. 1992)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

5

Starlight Int'l, Inc. v Herlihy,
    181 F.R.D. 494, 498 (D. KS 1998)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

6

7

**FEDERAL RULES**

8

Fed. R. Civ. Proc., Rule 26  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

9

Fed. R. Civ. Proc., Rule 33  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

10

Fed. R. Civ. Proc., Rule 34  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# INTRODUCTION

On December 11, 2012, the court issued the Case Management Order Re: Discovery and Pretrial Motions setting the discovery cut-off date for May 31, 2013. *[DOCKET Entry No. # 41]*.

On January 11, 2013, Defendants County of Los Angeles, Deputy Rodriguez and Deputy Vargas each served the *pro se* plaintiff with their first set of Interrogatories and Requests for Production of Documents.  The plaintiff's responses were due on or before February 13, 2013.  The interrogatories and document demands have been restated fully and completely in the Separate Statement of Disputed Discovery, below.

The plaintiff failed to respond to the discovery.

On February 28, 2013, defense counsel wrote the plaintiff a letter advising him of his failure to respond, that he has waived objections, and providing the plaintiff an unsolicited extension of time to March 11, 2013, to respond to the interrogatories and documents demands. (Ex. "A")

The plaintiff did not respond to the letter and has produced no responses to the discovery.

Based on the foregoing, the COUNTY OF LOS ANGELES, DEPUTY RODRIGUEZ and DEPUTY VARGAS hereby move for an order compelling the plaintiff to respond to each set of Interrogatories and Document Requests.

## II.

## SEPARATE STATEMENT OF DISPUTED DISCOVERY

*A.*     ***Defendant County of Los Angeles' Interrogatories to Plaintiff (Set One)***

1.       State everything that the COUNTY OF LOS ANGELES did, or failed to do, which YOU contend constituted a violation of YOUR Constitutional rights.

2.       IDENTIFY all persons who have knowledge of facts supporting YOUR contention that the COUNTY OF LOS ANGELES committed the acts or omissions which caused a violation of YOUR Constitutional rights.

3.    State all facts which support YOUR contention that the COUNTY OF LOS ANGELES negligently hired deputies RODRIGUEZ and VARGAS as alleged in YOUR COMPLAINT.

4.    State all facts which support YOUR contention that the INCIDENT was caused by the COUNTY OF LOS ANGELES' negligently hiring of deputies RODRIGUEZ and VARGAS as alleged in YOUR COMPLAINT.

5.    State all facts which support YOUR contention that the COUNTY OF LOS ANGELES negligently supervised deputies RODRIGUEZ and VARGAS as alleged in YOUR COMPLAINT.

6.    State all facts which support YOUR contention that the INCIDENT was caused by the COUNTY OF LOS ANGELES' negligent supervision of deputies RODRIGUEZ and VARGAS.

7.    State all facts which support YOUR contention that the COUNTY OF LOS ANGELES negligently trained deputies RODRIGUEZ and VARGAS as alleged in YOUR COMPLAINT.

8.    State all facts which support YOUR contention that the INCIDENT was caused by the COUNTY OF LOS ANGELES' negligent training of deputies RODRIGUEZ and VARGAS.

9.    IDENTIFY all persons who have knowledge of facts supporting YOUR contention that the COUNTY OF LOS ANGELES "negligently hired, trained, supervised employed, and/or managed"  deputies RODRIGUEZ and VARGAS as alleged in YOUR COMPLAINT.

10.    State all facts which support YOUR contention that the COUNTY OF LOS ANGELES maintains an official policy of condoning the use of excessive force during arrests as alleged in YOUR COMPLAINT.

11.    State all facts which support YOUR contention that the COUNTY OF LOS ANGELES maintains a countywide custom and practice of condoning the use of excessive force during arrests as alleged in YOUR COMPLAINT.

12.     State all facts which support YOUR contention that YOU were arrested pursuant to the COUNTY OF LOS ANGELES' official policy or custom and practice of condoning the use of excessive force during arrests.

13.     IDENTIFY all persons who have knowledge of facts supporting YOUR contention that the COUNTY OF LOS ANGELES maintains a policy or custom of condoning excessive force during arrests.

14.     State all facts which support YOUR contention that the COUNTY OF LOS ANGELES maintains an official policy of refusing arrestees' requests for medical attention as alleged in YOUR COMPLAINT.

15.     State all facts which support YOUR contention that the COUNTY OF LOS ANGELES maintains a countywide custom and practice of refusing arrestees' requests for medical attention as alleged in YOUR COMPLAINT.

16.     State all facts which support YOUR contention that YOU were denied medical attention pursuant to an official policy or custom and practice of the COUNTY OF LOS ANGELES.

17.     IDENTIFY all persons who have knowledge of facts supporting YOUR contention that the COUNTY OF LOS ANGELES maintains a policy or custom of refusing arrestees' requests for medical attention.

18.     State all facts which support YOUR contention that the COUNTY OF LOS ANGELES maintains an official policy of making false arrests without probable cause as alleged in YOUR COMPLAINT.

19.     State all facts which support YOUR contention that the COUNTY OF LOS ANGELES maintains a countrywide custom and practice of making false arrests without probable cause as alleged in YOUR COMPLAINT.

20.     State all facts which support YOUR contention that YOU were falsely arrested pursuant to an official policy or custom and practice of the COUNTY OF LOS ANGELES.

21.    IDENTIFY all persons who have knowledge of facts supporting YOUR contention that the COUNTY OF LOS ANGELES maintains a policy or custom of making false arrests without probable cause as alleged in YOUR COMPLAINT.

22.    State all facts which support YOUR contention that the COUNTY OF LOS ANGELES tolerated a pattern of constitutional violations by its subordinate officers as alleged in YOUR COMPLAINT.

23.    IDENTIFY all PERSONS with knowledge of facts supporting YOUR contention that the COUNTY OF LOS ANGELES tolerated a pattern of constitutional violations by its subordinate officers as alleged in YOUR COMPLAINT.

24.    State all facts which support YOUR contention that YOU sustained a Loss of earnings and earning capacity due to the acts or omissions of the COUNTY OF LOS ANGELES.

25.    IDENTIFY all PERSONS with knowledge of facts supporting YOUR contention that YOU sustained a Loss of earnings and earning capacity due to the acts or omissions of the COUNTY OF LOS ANGELES.

To date, the plaintiff has tendered no response to this discovery request.

**B.    *Defendant County of Los Angeles' Request for Documents to Plaintiff (Set One)***

1.    Any and all DOCUMENTS which support YOUR contention that the COUNTY OF LOS ANGELES negligently hired deputies RODRIGUEZ and VARGAS.

2.    Any and all DOCUMENTS which support YOUR contention that the INCIDENT was caused by the COUNTY OF LOS ANGELES' negligently training deputies RODRIGUEZ and VARGAS.

3.    Any and all DOCUMENTS which support YOUR contention that the COUNTY OF LOS ANGELES negligently hired deputies RODRIGUEZ and VARGAS.

4.    Any and all DOCUMENTS which support YOUR contention that the INCIDENT was caused by the COUNTY OF LOS ANGELES' negligent hiring of deputies RODRIGUEZ and VARGAS.

5.     Any and all DOCUMENTS which support YOUR contention  that the COUNTY OF LOS ANGELES' negligently supervised deputies RODRIGUEZ and VARGAS.

6.     Any and all DOCUMENTS which support YOUR contention  that the INCIDENT was caused by the COUNTY OF LOS ANGELES' negligent supervision of deputies RODRIGUEZ and VARGAS.

7.     Any and all DOCUMENTS which support YOUR contention  that the COUNTY OF LOS ANGELES maintains an official policy of condoning the use of excessive force during arrests as alleged in YOUR COMPLAINT.

8.     Any and all DOCUMENTS which support YOUR contention  that YOU were arrested pursuant to the COUNTY OF LOS ANGELES' official policy of condoning the use of excessive force during arrests.

9.     Any and all DOCUMENTS which support YOUR contention  that the COUNTY OF LOS ANGELES maintains a countywide custom and practice of condoning the use of excessive force during arrests as alleged in YOUR COMPLAINT.

10.     Any and all DOCUMENTS which support YOUR contention  that YOU were arrested pursuant to the countywide custom and practice of condoning the use of excessive force during arrests.

11.     Any and all DOCUMENTS which support YOUR contention  that the COUNTY OF LOS ANGELES maintains an official policy of making false arrests without probable cause.

12.     Any and all DOCUMENTS which support YOUR contention that YOU were falsely arrested pursuant to a COUNTY OF LOS ANGELES' official policy of making false arrests without probable cause.

13.     Any and all DOCUMENTS which support YOUR contention that the COUNTY OF LOS ANGELES maintains a countywide custom and practice of making false arrests without probable cause.

14. Any and all DOCUMENTS which support YOUR contention that YOU were falsely arrested pursuant to a countywide custom and practice of making false arrests without probable cause.

15. Any and all DOCUMENTS which support YOUR contention that the COUNTY OF LOS ANGELES maintains an official policy of refusing arrestees' requests for medical attention.

16. Any and all DOCUMENTS which support YOUR contention that YOU were falsely arrested pursuant to a COUNTY OF LOS ANGELES' official policy of refusing arrestees' requests for medical attention.

17. Any and all DOCUMENTS which support YOUR contention that the COUNTY OF LOS ANGELES maintains a countywide custom and practice of refusing arrestees' requests for medical attention.

18. Any and all DOCUMENTS which support YOUR contention that YOU were denied medical attention pursuant to a countywide custom and practice of refusing arrestees' requests for medical attention.

19. Any and All DOCUMENTS which support YOUR contention that the COUNTY OF LOS ANGELES tolerated a pattern of constitutional violations by its subordinate officers as alleged in YOUR COMPLAINT.

20. Any and all DOCUMENTS which support YOUR contention that YOU were subjected to excessive force during YOUR arrest.

21. Any and all DOCUMENTS which support YOUR contention that deputies' RODRIGUEZ and VARGAS were aware of YOUR serious need for denied medical attention following YOUR arrest.

22. Any and all DOCUMENTS which support YOUR contention that YOU were denied medical attention following YOUR arrest.

23. Any and all DOCUMENTS which support YOUR contention that YOU were falsely arrested without probable cause.

24.    Any and all DOCUMENTS which support YOUR contention that the COUNTY OF LOS ANGELES violated YOUR Constitutional rights guaranteed by the Fourth Amendment.

25.    Any and all DOCUMENTS which support YOUR contention that the COUNTY OF LOS ANGELES violated YOUR Constitutional rights guaranteed by the Fourteenth Amendment.

26.    Any and all DOCUMENTS which support YOUR contention that the COUNTY OF LOS ANGELES violated YOUR Constitutional rights guaranteed by the Eighth Amendment.

27.    Any and all DOCUMENTS which support YOUR allegations against the COUNTY OF LOS ANGELES in YOUR COMPLAINT.

28.    Any and all DOCUMENTS which reflect, depict or refer to the injuries, losses and damages which YOU contend were caused by the COUNTY OF LOS ANGELES.

29.    Any and all DOCUMENTS from "HEALTH CARE FACILITY(IES)" where YOU received medical examination, evaluation, counseling, consultation, treatment, therapy and/or surgery as a result of injuries YOU sustained during the INCIDENT alleged in YOUR COMPLAINT.

30.    Any and all DOCUMENTS which support YOUR contention that YOU have been unable to perform the work that YOU normally do as a result of the INCIDENT.

31.    Any and all DOCUMENTS which depict, refer to or describe income, wages, salary and/or commissions that YOU have lost due to the INCIDENT.

32.    Any and all DOCUMENTS which depict, refer to or describe income, wages, salary and/or commissions that YOU have earned during the period of January 1, 2007 to the date of YOUR arrest.

33.    Any and all DOCUMENTS which depict, refer to or describe monetary damages that YOU have sustained as a result of the INCIDENT.

34.    Any and all DOCUMENTS which support YOUR contention that the COUNTY OF LOS ANGELES caused the injuries and damages alleged in YOUR COMPLAINT.

35.    Any and all written or recorded statements made by any PERSON(S) concerning the INCIDENTS alleged in YOUR COMPLAINT.

36.    Any and all written or recorded statements made by YOU concerning the INCIDENTS alleged in YOUR COMPLAINT.

37.    Any and all photographs depicting the scene of the INCIDENT alleged in YOUR COMPLAINT.

38.    Any and all photographs depicting YOUR injuries which YOU contend were caused by the COUNTY OF LOS ANGELES.

To date, the plaintiff has tendered no response to this discovery request.

**C.    *Defendant Deputy Rodriguez's Interrogatories to Plaintiff (Set One)***

1.    State all facts which support YOUR contention that DEPUTY RODRIGUEZ violated your Constitutional rights guaranteed by the Fourth Amendment as alleged in YOUR COMPLAINT.

2.    IDENTIFY all PERSONS with knowledge of facts which support YOUR contention that DEPUTY RODRIGUEZ violated your Constitutional rights guaranteed by the Fourth Amendment.

3.    State all facts which support YOU contention that DEPUTY RODRIGUEZ violated your Constitutional rights guaranteed by the Fourteenth Amendment as alleged in YOUR COMPLAINT.

4.    IDENTIFY all PERSONS with knowledge of facts which support YOUR contention that DEPUTY RODRIGUEZ violated your Constitutional rights guaranteed by the Fourteenth Amendment.

5.    State all facts which support YOU contention that DEPUTY RODRIGUEZ violated your Constitutional rights guaranteed by the Eighth Amendment as alleged in YOUR COMPLAINT.

6.     IDENTIFY all PERSONS with knowledge of facts which support YOUR contention that DEPUTY RODRIGUEZ violated your Constitutional rights guaranteed by the Eighth Amendment.

7.     Describe all acts and omissions of DEPUTY RODRIGUEZ alleged to have occurred on May 5, 2011.

8.     If YOU contend that DEPUTY RODRIGUEZ used excessive force upon YOU during the INCIDENT of May 5, 2011, state all facts supporting YOUR contention.

9.     If YOU contend that DEPUTY RODRIGUEZ used excessive force upon YOU during the INCIDENT of May 5, 2011, IDENTIFY all PERSONS who have knowledge of facts supporting YOUR contention.

10.    If YOU contend that DEPUTY RODRIGUEZ falsely arrested YOU without probable cause on May 5, 2011, state all facts supporting YOUR contention.

11.    If YOU contend that DEPUTY RODRIGUEZ falsely arrested YOU without probable cause on May 5, 2011, IDENTIFY all PERSONS who have knowledge of facts supporting YOUR contention.

12.    State all facts which support YOUR contention that YOU needed serious medical attention on the date of the INCIDENT.

13.    IDENTIFY all PERSONS with knowledge of facts supporting YOUR contention that YOU needed serious medical need on the date of the INCIDENT.

14.    State all facts which support YOUR contention that DEPUTY RODRIGUEZ was aware of YOUR need for serious medical attention in the date of the INCIDENT.

15.    IDENTIFY all PERSONS with knowledge of facts supporting YOUR contention that DEPUTY RODRIGUEZ was aware of YOUR need for serious medical attention in the date of the INCIDENT.

16.    If YOU contend that DEPUTY RODRIGUEZ disregarded YOUR serious need for medical attention on the date of the INCIDENT, state all facts supporting YOUR contention.

17.    If YOU contend that DEPUTY RODRIGUEZ disregarded YOUR serious need for medical attention on the date of the INCIDENT, IDENTIFY all PERSONS with knowledge of facts supporting YOUR contention.

18.    IF YOU contend that YOU sustained injury as a result of acts or omissions YOU attribute to DEPUTY RODRIGUEZ, state all facts supporting YOUR contention.

19.    IF YOU contend that YOU sustained injury as a result of acts or omissions YOU attribute to DEPUTY RODRIGUEZ, IDENTIFY all PERSONS who have knowledge of facts supporting YOUR contention.

20.    IF YOU contend that YOU sustained injury as a result of acts or omissions YOU attribute to DEPUTY RODRIGUEZ, identify all HEALTH CARE FACILITIES where YOU received examination and/or treatment for said injuries.

21.    State all facts which support YOUR contention that YOU have suffered permanent injuries and damages as a result of the INCIDENT.

22.    IDENTIFY all PERSONS who have knowledge of facts supporting YOUR contention that have suffered permanent injuries and damages as a result of the INCIDENT.

23.    State all facts which support YOUR contention that YOU suffer from diminished earning and earning capacity as a result of the INCIDENT.

24.    IDENTIFY all PERSONS who have knowledge of facts supporting YOUR contention that YOU suffer from diminished earning and earning capacity as a result of the INCIDENT.

To date, the plaintiff has tendered no response to this discovery request.

**D.    *Defendant Deputy Rodriguez's Request for Documents to Plaintiff (Set One)***

1.    Any and all DOCUMENTS which support YOUR contention that DEPUTY RODRIGUEZ violated your Constitutional rights guaranteed by the Fourth Amendment.

2.    Any and all DOCUMENTS which support YOUR contention that DEPUTY RODRIGUEZ violated your Constitutional rights guaranteed by the Fourteenth Amendment.

3.     Any and all DOCUMENTS which support YOUR contention that DEPUTY RODRIGUEZ used force upon YOU during YOUR May 5, 2011-arrest.

4.     Any and all DOCUMENTS which support YOUR contention that DEPUTY RODRIGUEZ used unconstitutionally excessive force upon YOU during YOUR May 5, 2011-arrest.

5.     Any and all DOCUMENTS supporting YOUR contention that YOU needed serious medical attention on the date of the INCIDENT.

6.     Any and all DOCUMENTS supporting YOUR contention that DEPUTY RODRIGUEZ was aware of YOUR need for serious medical attention in the date of the INCIDENT.

7.     Any and all DOCUMENTS supporting YOUR contention that DEPUTY RODRIGUEZ disregarded YOUR serious need for medical attention on the date of the INCIDENT.

8.     Any and all DOCUMENTS which support YOUR contention that YOU sustained injury as a result of acts or omissions YOU attribute to DEPUTY RODRIGUEZ.

9.     Any and all DOCUMENTS which depict, describe or refer to the injuries and damages YOU sustained as a result of the INCIDENT which were caused by DEPUTY RODRIGUEZ

10.     Any and all DOCUMENTS from HEALTH CARE FACILITIES where YOU have received examination, treatment, consultation, therapy, surgery, and/or hospitalization following the INCIDENT alleged in YOUR COMPLAINT.

11.     Any and all DOCUMENTS from HEALTH CARE FACILITIES where YOU have received examination, treatment, consultation, therapy, surgery, and/or hospitalization from May 1, 2008 to the present.

12.     Any and all written or recorded statements made by any PERSON(S) concerning the INCIDENT alleged in YOUR COMPLAINT.

13.     Any and all written or recorded statements made by YOU regarding the INCIDENT.

14.     Any and all photographs depicting the scene of the INCIDENT alleged in YOUR COMPLAINT.

15.     Any and all photographs depicting YOUR injuries which YOU contend were caused by DEPUTY RODRIGUEZ.

16.     Any and all DOCUMENTS which support YOUR allegations against DEPUTY RODRIGUEZ as described in YOUR COMPLAINT.

To date, the plaintiff has tendered no response to this discovery request.

**E.      *Defendant Deputy Vargas' Interrogatories to Plaintiff (Set One)***

1.      State all facts which support YOUR contention that DEPUTY VARGAS violated your Constitutional rights guaranteed by the Fourth Amendment as alleged in YOUR COMPLAINT.

2.      IDENTIFY all PERSONS with knowledge of facts which support YOUR contention that DEPUTY VARGAS violated your Constitutional rights guaranteed by the Fourth Amendment.

3.      State all facts which support YOU contention that DEPUTY VARGAS violated your Constitutional rights guaranteed by the Fourteenth Amendment as alleged in YOUR COMPLAINT.

4.      IDENTIFY all PERSONS with knowledge of facts which support YOUR contention that DEPUTY VARGAS violated your Constitutional rights guaranteed by the Fourteenth Amendment.

5.      State all facts which support YOU contention that DEPUTY VARGAS violated your Constitutional rights guaranteed by the Eighth Amendment as alleged in YOUR COMPLAINT.

6.      IDENTIFY all PERSONS with knowledge of facts which support YOUR contention that DEPUTY VARGAS violated your Constitutional rights guaranteed by the Eighth Amendment.

7.      Describe all acts and omissions of DEPUTY VARGAS alleged to have occurred on May 5, 2011.

8.    If YOU contend that DEPUTY VARGAS used excessive force upon YOU during the INCIDENT of May 5, 2011, state all facts supporting YOUR contention.

9.    If YOU contend that DEPUTY VARGAS used excessive force upon YOU during the INCIDENT of May 5, 2011, IDENTIFY all PERSONS who have knowledge of facts supporting YOUR contention.

10.    If YOU contend that DEPUTY VARGAS falsely arrested YOU without probable cause on May 5, 2011, state all facts supporting YOUR contention.

11.    If YOU contend that DEPUTY VARGAS falsely arrested YOU without probable cause on May 5, 2011, IDENTIFY all PERSONS who have knowledge of facts supporting YOUR contention.

12.    State all facts which support YOUR contention that YOU needed serious medical attention on the date of the INCIDENT.

13.    IDENTIFY all PERSONS with knowledge of facts supporting YOUR contention that YOU needed serious medical need on the date of the INCIDENT.

14.    State all facts which support YOUR contention that DEPUTY VARGAS was aware of YOUR need for serious medical attention in the date of the INCIDENT.

15.    IDENTIFY all PERSONS with knowledge of facts supporting YOUR contention that DEPUTY VARGAS was aware of YOUR need for serious medical attention in the date of the INCIDENT.

16.    If YOU contend that DEPUTY VARGAS disregarded YOUR serious need for medical attention on the date of the INCIDENT, state all facts supporting YOUR contention.

17.    If YOU contend that DEPUTY VARGAS  disregarded YOUR serious need for medical attention on the date of the INCIDENT, IDENTIFY all PERSONS with knowledge of facts supporting YOUR contention.

18.    IF YOU contend that YOU sustained injury as a result of acts or omissions YOU attribute to DEPUTY VARGAS, state all facts supporting YOUR contention.

19.    IF YOU contend that YOU sustained injury as a result of acts or omissions YOU attribute to DEPUTY VARGAS, IDENTIFY all PERSONS who have knowledge of facts supporting YOUR contention.

20.    IF YOU contend that YOU sustained injury as a result of acts or omissions YOU attribute to DEPUTY VARGAS, identify all HEALTH CARE FACILITIES where YOU received examination and/or treatment for said injuries.

21.    State all facts which support YOUR contention that YOU have suffered permanent injuries and damages as a result of the INCIDENT.

22.    IDENTIFY all PERSONS who have knowledge of facts supporting YOUR contention that have suffered permanent injuries and damages as a result of the INCIDENT.

23.    State all facts which support YOUR contention that YOU suffer from diminished earning and earning capacity as a result of the INCIDENT.

24.    IDENTIFY all PERSONS who have knowledge of facts supporting YOUR contention that YOU suffer from diminished earning and earning capacity as a result of the INCIDENT.

**F.    *Defendant Deputy Vargas' Request for Documents to Plaintiff (Set One)***

1.    Any and all DOCUMENTS which support YOUR contention that DEPUTY VARGAS violated your Constitutional rights guaranteed by the Fourth Amendment.

2.    Any and all DOCUMENTS which support YOUR contention that DEPUTY VARGAS violated your Constitutional rights guaranteed by the Fourteenth Amendment.

3.    Any and all DOCUMENTS which support YOUR contention that DEPUTY VARGAS used force upon YOU during YOUR May 5, 2011-arrest.

4.    Any and all DOCUMENTS which support YOUR contention that DEPUTY VARGAS used unconstitutionally excessive force upon YOU during YOUR May 5, 2011-arrest.

5.    Any and all DOCUMENTS supporting YOUR contention that YOU needed serious medical attention on the date of the INCIDENT.

6.      Any and all DOCUMENTS supporting YOUR contention that DEPUTY VARGAS was aware of YOUR need for serious medical attention in the date of the INCIDENT.

7.      Any and all DOCUMENTS supporting YOUR contention that DEPUTY VARGAS disregarded YOUR serious need for medical attention on the date of the INCIDENT.

8.      Any and all DOCUMENTS which support YOUR contention that YOU sustained injury as a result of acts or omissions YOU attribute to DEPUTY VARGAS.

9.      Any and all DOCUMENTS which depict, describe or refer to the injuries and damages YOU sustained as a result of the INCIDENT which were caused by DEPUTY VARGAS

10.      Any and all DOCUMENTS from HEALTH CARE FACILITIES where YOU have received examination, treatment, consultation, therapy, surgery, and/or hospitalization following the INCIDENT alleged in YOUR COMPLAINT.

11.      Any and all DOCUMENTS from HEALTH CARE FACILITIES where YOU have received examination, treatment, consultation, therapy, surgery, and/or hospitalization from May 1, 2008 to the present.

12.      Any and all written or recorded statements made by any PERSON(S) concerning the INCIDENT alleged in YOUR COMPLAINT.

13.      Any and all written or recorded statements made by YOU regarding the INCIDENT.

14.      Any and all photographs depicting the scene of the INCIDENT alleged in YOUR COMPLAINT.

15.      Any and all photographs depicting YOUR injuries which YOU contend were caused by DEPUTY VARGAS.

16.      Any and all DOCUMENTS which support YOUR allegations against DEPUTY VARGAS as described in YOUR COMPLAINT.

To date, the plaintiff has tendered no response to this discovery request.

## III.

## MEMORANDUM OF LAW

**A.    THE DEFENDANTS ARE ENTITLED TO AN ORDER COMPELLING PLAINTIFF'S INTERROGATORY RESPONSES.**

The defendants have a right to propound discovery upon the plaintiff. Interrogatories and document demands may relate to "any nonprivileged matter that is relevant to the party's claim or defense." *Fed. R. Civ. P., Rule 26 (b)(1)*.  Responses to interrogatories are due within thirty days after the interrogatories were served. *Fed. R. Civ. P., Rule 33 (b)*.  The failure to timely respond to interrogatories generally constitutes a waiver of any objections thereto, including objections based upon privilege and work product. *Fed. R. Civ. P., Rule 33 (b) (4)*; Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981); Starlight Int'l, Inc. v Herlihy, 181 F.R.D. 494, 498 (D. KS 1998).

In the instant case, the plaintiff contends that his Fourth Amendment rights were violated by deputies of the Los Angeles County Sheriff's Department during his arrest. The defendants each propounded 25, or fewer, interrogatories upon the plaintiff, seeking to discover the facts which support his claims and contentions of liability and damages against the individuals that he has sued.  Each request is designed for the plaintiff to identify the facts and persons with knowledge of facts supporting his allegations of liability and damages.  Thus, each is relevant to the subject matter of this case, or a defense proposes by the defendants.

The Defendants served their interrogatories on January 11, 2013, making them due February 13, 2013, with the extension of time for mailing. The plaintiff, however, tendered no responses to the interrogatories.

On February 28, 2013, defense counsel wrote the plaintiff a letter advising him of his failure to respond, that he has waived objections, and providing the plaintiff an unsolicited extension of time to March 11, 2013, to respond to the interrogatories. (Ex. "A").  The plaintiff tendered no responses to the discovery and no reply to the letter.

Court intervention has become necessary to compel the plaintiff to respond to the discovery in this case.

**B.    THE DEFENDANTS ARE ENTITLED TO AN ORDER COMPELLING PLAINTIFF'S RESPONSES TO THE DOCUMENT REQUESTS AND PRODUCTION OF THE DOCUMENTS REQUESTED.**

The federal rules permit a party to seek production of documents and other tangible things in the possession, custody or control of another party, and which are relevant to a claim or defense of any party. *Fed. R. Civ. P., Rule 34  (a).*  Responses to a demand for production of documents are due thirty days after the demand is served.  The date for production of the documents sought should be at least thirty days after the request is served. *Fed. R. Civ. P., Rule 34 (b)(2) (A).*  The failure to timely respond to demand for production generally constitutes a waiver of any objections thereto, including objections based upon privilege and work product.  Richmark Corp., v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).

In the instant case, defendants County of Los Angeles, deputies Rodriguez and Vargas each propounded document demands upon the plaintiff on January 11, 2013, with a designated production date of February 13, 2013, more than thirty days after service of the demands.

The document demands sought documents and other tangible items related to the plaintiff's claims of liability and damages raised in the pleadings, as well as the defendants' potential defenses.  The plaintiff either has actual possession of the documents sought, or the legal right to obtain possession on demand.  Each request is relevant to the subject matter of this  case, or a defense proposes by the defendants.

The plaintiff tendered no written response to the defendants demand, nor did he produce any of the documents requested.

////

////

On February 28, 2013, defense counsel wrote the plaintiff a letter advising him of his failure to respond, that he has waived objections, and providing the plaintiff an unsolicited extension of time to March 11, 2013, to respond to the document request. (Ex. "A"). The plaintiff tendered no responses to the discovery and no reply to the letter.

Court intervention has become necessary to compel the plaintiff to respond to the discovery in this case.

## CONCLUSION

Based on the foregoing, Defendants COUNTY OF LOS ANGELES, DEPUTY RODRIGUEZ and DEPUTY VARGAS, hereby request that the court compel the Plaintiff to respond to each of the Interrogatories in set one, and each of the thirty-three (33) Document Requests in set one, without further delay.

DATED: March 12, 2013                        Respectfully submitted,

                                             NELSON & FULTON


                                             By: s / Amber A. Logan
                                                 HENRY PATRICK NELSON
                                                 AMBER A. LOGAN
                                                 Attorneys for Defendants,
                                                 County of Los Angeles, et al.

## DECLARATION OF AMBER A. LOGAN

I, AMBER A. LOGAN, declare that if called and sworn, I would state the following which is based upon my personal knowledge.

1.      I am an attorney licensed to practice before all courts of the State of California and admitted to practice in the United States District Court for the Central District of California.

2.      I am employed by Nelson & Fulton, attorneys of record for the Defendants County of Los Angeles, Deputy Rodriguez and Deputy Vargas in this matter.

3.      On or about December 11, 2012, I received the Case Management order in this case.  The order set the discovery cut-off date for May 31, 2013.

4.      On January 11, 2013, I caused the County of Los Angeles, Interrogatories (set one) and Demands for Production of Documents (Set one), to be served upon the plaintiff as his address of record.  The interrogatories and document demands have been fully restated in Sections II (A and B) of this motion.

5.      Also on January 11, 2013, I caused Deputy Rodriguez's Interrogatories (set one) and Demands for Production of Documents (Set one), to be served upon the plaintiff as his address of record.  The interrogatories and document demands have been fully restated in Sections II (C and D) of this motion.

6.      Finally, on January 11, 2013, I Deputy Vargas' Interrogatories (set one) and Demands for Production of Documents (Set one), to be served upon the plaintiff as his address of record.  The interrogatories and document demands have been fully restated in Sections II (E and F) of this motion.

7.      The plaintiff's responses to each set of discovery were due February 13, 2013.

8.      The plaintiff did not respond to any of the discovery.

9.      On February 28, 2013, I sent the plaintiff a letter advising him that his responses were late, and as a result, he has waived any objections to the discovery.  I provided the plaintiff with an unsolicited extension of time to March 11, 2013, to respond.

This gave the plaintiff a total of two months to respond to the discovery.  A true and correct copy of my February 28, 2013-letter is attached hereto and incorporated by reference herein as Exhibit "A."

10.    My letter also informed the plaintiff that if he did not tender the responses on or before March 11, 2013, I would file this motion to compel his responses and may request that he pay monetary sanctions.

11.    To date, the plaintiff has tendered no responses to the discovery.

12.    To date, the plaintiff has not responded to my letter of February 28, 2013.

I declare under the penalty fo perjury that the foregoing is true and correct. Executed this 12th day of March 2013, at Los Angeles, California.

s / Amber A. Logan
AMBER A. LOGAN

Exhibit A

Henry Patrick Nelson
Mary Burrell Fulton
Amber A. Logan
Rina M. Mathevosian
Elise H. Hur

*Nelson & Fulton*

*A T T O R N E Y S*

February 28, 2013

EQUITABLE PLAZA, SUITE 2800
3435 WILSHIRE BOULEVARD
LOS ANGELES, CALIFORNIA 90010
(213) 365-2703
FAX (213) 365-9130

VICTOR SANCHEZ, CDC V-43315
*High Desert State Prison*
A2 - 206
P.O. Box 3030
Susanville, CA. 96127

>    Re:  Sanchez, Victor vs. Deputy Rodriguez, et al.
>         USDC Case No. CV-11-06950

Dear Mr. Sanchez:

On January 11, 2013, my office served you with the following discovery requests: Interrogatories (set one) and a Request for Production of Documents (set one) from the County of Los Angeles; Interrogatories (set one) and a Request for Production of Documents (set one) from Deputy Luis Rodriguez; and Interrogatories (set one) and a Request for Production of Documents (set one) from Deputy Art Vargas.

Your responses to each set of discovery were due February 13, 2013, and are now fifteen (15) days delinquent.

As you have served no responses to the discovery requests, you have waived your right to object to any of the questions, including your right to assert an objection based on privilege. Fed. Rules Civ. Proc., Rules 33 and 34; Richmark Corp., v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).

Kindly produce your responses to each set of interrogatories and document demands, without objections, in my office on or before March 11, 2013. If I do not have the complete responses by that date, I will file a motion to compel your responses and will seek monetary sanctions for your failure to comply with the federal and local rules of civil procedure.

Regards,

NELSON & FULTON

Amber A. Logan

AAL:pg
e:\sanchez\2-28-13 ltr to plaintiff

# PROOF OF SERVICE BY MAIL

**STATE OF CALIFORNIA**, **COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 3435 Wilshire Boulevard, Suite 2800, Los Angeles, California 90010.

On March 12, 2013, I served the within document described as:

**DEFENDANTS COUNTY OF LOS ANGELES, DEPUTY RODRIGUEZ AND DEPUTY VARGAS' MOTION TO COMPEL PLAINTIFF'S  RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS; MEMORANDUM OF LAW; DECLARATION OF AMBER A. LOGAN**

on the interested parties in this action by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

**VICTOR SANCHEZ**
**CDC V-43315**
*High Desert State Prison*
**A2 - 206**
**P.O. Box 3030**
**Susanville, CA. 96127**
*Pro Se*

**[BY MAIL]** I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the U.S. Postal Service the same day as it is placed for collection.

**[FEDERAL]**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed March 12, 2013 in Los Angeles, California.

s / Patricia M. Garcia
PATRICIA M. GARCIA