UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY RODRIGUEZ et al.,<br><br>Defendants. | NO. CV 11-06950-VBF (MAN)<br><br>OPINION and ORDER<br><br>(1) Adopting the Report and Recommendation;<br><br>(2) Dismissing Amended Complaint with Prejudice;<br><br>(3) Denying Defendants' Request for Attorneys' Fees |

This is a prisoner's civil-rights action under 42 U.S.C. section 1983. The U.S. Magistrate Judge has issued a Report and Recommendation ("R&R") recommending that this action be dismissed with prejudice and terminated as a sanction for failure to comply with court-ordered discovery obligations. For the reasons that follow, the Court will adopt the R&R and dismiss the complaint with prejudice as a sanction under Fed. R. Civ. P. 37.

The Magistrate is right that where a party's noncompliance with a discovery order is the asserted basis for dismissal as a sanction, the court must employ the discovery-specific Rule 37 rather than relying on Rule 41(b), the general rule governing involuntary dismissal, or on the court's inherent authority, so long as Rule 37 is "up to the task." *See* R&R at 5-6 (citing *Societe*

*Internationale*, 357 U.S. at 207, and *Chambers*, 501 U.S. at 49 n.14, respectively); *see also Clinton v. Jones*, 520 U.S. 681, 709 n.42, 117 S. Ct. 1636, 1652 n.42 (1997) ("'[I]f in the informed discretion of the court, neither the statute nor the rules are up to the task , the Court may safely rely on its inherent power' in imposing appropriate sanctions") (quoting *Chambers*, at 501 U.S. at 50); *see, e.g., Glassman v. Raytheon Non-Bargaining Ret. Plan*, 259 F. App'x 932, 933 (9th Cir. 2007) ("Nor did the district court abuse its discretion in granting Raytheon attorneys' fees under its inherent power rather than Rule 11. We affirm the . . . specific finding that Glassman engaged in 'vexatious litigation' by filing her complaint and maintaining her lawsuit, which justifies . . . sanctions. Because Rule 11(c)(2)(A) explicitly prohibits a court from imposing monetary sanctions on a represented party, the judge 'safely rel[ied]' on her inherent power to directly sanction Glassman where the Rules were not 'up to the task' to do so.") (citing *Chambers*) (other cites omitted).

**Considering the motion for a terminating sanction under Rule 37 case law, the Court agrees that dismissal of the FAC with prejudice is appropriate.** As the Magistrate notes (R&R at 6), Rule 37(b)(2)(A) authorizes the court to impose whatever sanctions are just when a party fails to comply with a discovery order, up to dismissal of part or all of the party's claims, and Rule 37(d)(3) authorizes the same sanctions against a party who fails to respond to interrogatories or requests for production. "By the very nature of its language, sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge." *O'Connell v. Fernandez-Pol*, 542 F. App'x 546, 547-48 (9th Cir. 2013) (citing *Craig v. Far West Eng'g Co.*, 265 F.2d 252, 260 (9th Cir. 1959)).

**In order to impose the sanction of dismissal, a court must first find that plaintiff's noncompliance was due to "willfulness, bad faith, or fault."** R&R at 7 (quoting *Henry*, 983 F.2d at 946); *see also Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (citing *Henry*, 983 F.2d at 946 (quoting *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985))). *See, e.g., Volcan Group, Inc. v. Omnipoint Comms., Inc.*, No. 12-35217, 2014 WL 68488, *4, – F. App'x – (9th Cir. Jan. 9, 3014) (affirming dismissal as a sanction) ("The record also supports the district court's finding that Netlogix's spoliation of evidence resulted from 'willfulness, fault, or bad faith.'") (quoting *Anheuser-Busch*, 69 F.3d at 348).

As the Magistrate notes, "willfulness, bad faith, or fault" does not require wrongful intent;

rather, disobedient conduct not shown to be outside the party's control is by itself sufficient to establish willfulness, bad faith, or fault. *See* R&R at 7 (quoting *Jorgensen*, 320 F.3d at 912, and citing *Henry*, 983 F.2d at 948); *see also Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994) (citing *Henry*, 983 F.2d at 948). **The Court would note that plaintiff has not attempted to show that his repeated failure to comply with discovery obligations imposed on him by the Federal Rules and by this court's Orders was "outside his control."** *See Hyde & Drath*, 24 F.3d at 1167 ("Given the lack of proof corroborating Stonehaven's claim [that it had been dissolved and had no current officers and no former officers under its control to send to the depositions], the court did not abuse its discretion in finding Stonehaven at fault and in imposing sanctions.") (contrasting *General Houses v. Marloch Mfg. Corp.*, 239 F.2d 510 (2d Cir. 1956) (reversing order which dismissed complaint as a discovery sanction, because plaintiff's counsel had submitted affidavits corroborating his claim that "at the time deposition was noticed, its client 'no longer had any officers who knew about the transactions nor any control over the former officers who had such knowledge'")).

**Accordingly, the Magistrate is right to find that plaintiff's noncompliance with discovery orders was willful:** plaintiff failed to respond to interrogatories propounded on him in mid-January 2013, then failed to respond to defense counsel's letter extending plaintiff's time to respond to the interrogatories, requiring defendants to file a motion to compel. In April 2013 this Court issued an Order granting the motion to compel and warning plaintiff that further noncompliance could result in the imposition of sanctions, including dismissal. Plaintiff responded only by requesting more time to provide discovery, offering no excuse for his previous noncompliance except the fact that he was incarcerated and lacked funds to "get the paper work wanted by Defendant", failing to identify any document he did not possess and allegedly could not afford to obtain. Plaintiff did nothing with the extensions granted, forcing the defendants to file a motion to compel and then ignoring the Court's subsequent order compelling him to fulfill his discovery obligations, *see* R&R at 8-10, thereby preventing defendants from conducting meaningful discovery, *see Webster v. Dep't of Veterans Affairs*, – F. App'x –, 2014 WL 23785, *1 (9th Cir. Jan. 2, 2014)) ("The district court did not abuse its discretion by imposing terminating sanctions under Fed. R. Civ. P. 37(b)(2) on the basis of Webster's willful violations of the court's discovery orders

that prevented defendants from conducting meaningful discovery.").

As the Magistrate notes, plaintiff admits that he received the discovery requests, the motion to compel, and the order granting the motion to compel, so the Magistrate is right to infer from his complete noncompliance (and for some time now, unresponsiveness) that "he simply does not care about meeting his obligations as a plaintiff in this case and has no" intention of doing so, R&R at 10-11. *Cf. O'Connell v. Fernandez-Pol*, 542 F. App'x 546, 547-48 (9th Cir. 2013) (affirming decision to strike answer under FRCP 37 as a sanction for failure to produce documents in discovery, failure to file a notice of appearance after being ordered to do so, and failure to respond to motion for sanctions, and affirming the subsequent granting of judgment as a matter of law to the defendant).

**The Magistrate employs the correct test for determining the propriety of dismissal as a discovery sanction, considering these five factors:** (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking the sanctions (here the defendants); (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See* R&R at 7 (citing *Connecticut General Life Ins. Co.*, 482 F.3d at 1096, and *Henry*, 983 F.2d at 948). The Court notes that these are the same factors which Ninth Circuit courts consider when deciding whether to impose a terminating sanction against a party pursuant to Fed. R. Civ. P. 41 for lack of prosecution. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984))). Accordingly, the Court has also considered Ninth Circuit decisions applying this five-factor test for purposes of Rule 41(b).

**The Magistrate notes Ninth Circuit precedent holding that where it is the violation of a court order which serves as the basis for the terminating-sanction request**, factors 1 and 2 (public interest in expeditious resolution of litigation and the court's need to manage its docket)

support a terminating sanction[1] while factor 4 (the public policy favoring disposition of cases on their merits) weighs against such a sanction[2], leaving the third and fifth factors as the critical ones. *See* R&R at 7 (citing *Valley Engineers*, 158 F.3d at 1057, and *Henry*, 983 F.2d at 948). The Magistrate rightly qualifies this statement, however, by noting that the public policy favoring disposition of cases on their merits is *not* furthered by litigants, like our plaintiff, who refuse to provide discovery needed for preparation of a defense against his claims. *See* R&R at 11-12 (citing *In re PPA*), 460 F.3d at 1228); *cf. also Meeks v. Wells Fargo Bank*, 2014 WL 295171, *2 (E.D. Cal. Jan. 27, 2014) ("Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiffs' failure to prosecute the action in any way makes disposition on the merits an impossibility. [T]herefore . . . this action [will] be dismissed due to plaintiffs' failure to prosecute as well as their failure to comply with the court's orders."); *Bratton v. Ontario Police Dep't*, 2013 WL 6798003, *3 (C.D. Cal. Dec. 17, 2013) ("By failing to inform the Court of her current address, to file a First Amended Complaint, and to respond to the . . . OSC, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders or move the case forward.").

**As to the third factor (the risk of prejudice to the other parties),** "[f]ailing to produce documents as ordered is considered sufficient prejudice" as a matter of law, *see PPA*, 460 F.3d at

---

[1] *See Clear Channel Entertainment / Televisa Music Corp. v. Mexico Musical, Inc.*, 252 F. App'x 779, 780 (9th Cir. 2007) ("In general, the first two of these factors, expeditious resolution of litigation and the district court's need to manage its docket, favor the imposition of sanctions in most cases . . . ."); *see, e.g., Avery*, 2013 WL 2250990 at *2 ("Plaintiff's delay necessarily implicates both the public interest in the expeditious resolution of litigation and the Court's need to efficiently manage its docket, the first and second factors.") (citing, *inter alia*, *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999)). This is particularly true where, as here, the petition was filed nearly three years ago. *See Pogue v. Hedgpeth*, 2014 WL 897037, *2 (E.D. Cal. Mar. 6, 2014) (Sheila Oberto, M.J.) ("The petition has been pending for a lengthy period. The Court therefore finds that the public's interest in expeditiously resolving this litigation and this Court's interest in managing the docket weigh in favor of dismissal.").

[2] Our Circuit has advised that "[t]his policy favoring resolution on the merits 'is particularly important in civil rights cases.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987)). It was plaintiff's responsibility to move his case toward disposition at a reasonable pace and to eschew dilatory or uncooperative tactics, however, *Morris*, 942 F.2d at 652, and he has shirked this duty. In such circumstances, the public interest favoring resolution of cases on their merits does not outweigh the factors which favor dismissal. *See, e.g., Mackenzie v. Ashcroft*, 2008 WL 5111873, *2 (C.D. Cal. Dec. 3, 2008).

1227 (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)); *see also* R&R at 13, and "'[t]he law also presumes prejudice from unreasonable delay'", R&R at 13 (quoting *PPA*).

The Court would further note our Circuit's holding that the party facing possible sanction may rebut the presumption that his delay has prejudiced the opposing parties. *See PPA*, 460 F.3d at 1228 (citing *In re Eisen*, 31 F.3d at 1452-53 (citing *Anderson*, 542 F.3d at 524)). If plaintiff proffered an excuse for delay or noncompliance that were "'anything but frivolous'", the burden of production would shift to the defendants to show some actual prejudice. If the defendants showed actual prejudice, the plaintiff would have to persuade the court that "the claims of prejudice are illusory or relatively insignificant in light of his excuse." *See PPA*, 460 F.3d at 1228 (quoting *In re Eisen*, 31 F.3d at 1453 (citation omitted)). Here, however, plaintiff has not attempted to provide *any* excuse for his noncompliance with court-ordered discovery and the concomitant delay of these proceedings, *see* R&R at 13, let alone a non-frivolous excuse. Consequently, the presumption stands that his noncompliance and delay have prejudiced the defendants. That means the Magistrate is right to conclude that the third of the five factors favors a terminating sanction against plaintiff.

**As to the fifth factor, the Court agrees that there is no reason to believe that sanctions short of dismissal would induce plaintiff to comply with discovery obligations**. *See* R&R at 12-13 ("Warnings and threats of dismissal plainly have no effect on plaintiff") (citing *Hester*, 687 F.3d at 1170-71). As a sister court recently stated, "The Court's Order . . . gave petitioner thirty days to comply with the Court's order [and] expressly informed Petitioner that the action would be dismissed if Petitioner failed to [do so]. Plaintiff has failed to respond . . . or otherwise inform the Court of his intentions. Accordingly, no other alternative to dismissal is appropriate." *Calderon v. Holland*, 2014 WL 950367, *2 (E.D. Cal. Mar. 11, 2014).

**The Magistrate is also right to conclude that because plaintiff is proceeding in forma pauperis due to documented indigency, plaintiff would be unable to pay a monetary sanction** and the imposition of such a sanction would be futile as a means of inducing him to comply with this Court's discovery orders. *See* R&R at 12-13 n.7 (citing no cases); *see, e.g., Kindred v. Doe*, 2014 WL 793095, *3 (C.D. Cal. Feb. 26, 2014) (Collins, J.) ("[U]nder the circumstances presented (i.e.

plaintiff's *pro per* and if[p] status), it does not appear to the Court that there are any less drastic sanctions available for the Court to impose."); *Pappas v. Rojas*, 2013 WL 6145141, *4 (C.D. Cal. Nov. 21, 2013) (Carney, J.) ("Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney's fees . . . . In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant proceeding in forma pauperis under the PLRA or has already been employed with no apparent effect.") (internal citation to *Malone v. US Postal Service*, 833 F.2d 128, 132 n.1 (9th Cir. 1987)).

Therefore the Magistrate (R&R at 14-15) is right to recommend denial of the defendants' request for an award of attorneys fees incurred in bringing their motion for sanction. *Accord Morrow v. Sacramento DEA*, 2014 WL 907349, *3 (E.D. Cal. Mar. 7, 2014) ("[I]n light of plaintiff's in forma pauperis status, the court has little confidence that plaintiff would pay monetary sanctions if they were imposed in lieu of dismissal."); *Oppedahl v. Orange County Healthcare Agency*, 2014 WL 495624, *2 (C.D. Cal. Feb. 6, 2014) (Fitzgerald, J.) ("Other possible sanctions for plaintiff's failures are not appropriate with respect to a pro se prisoner litigant seeking to proceed in forma pauperis.").[3]

ORDER

The Report and Recommendation **[Doc #55] is ADOPTED** without objection.

Defendants' unopposed Motion for Terminating Sanction and/or Involuntary Dismissal **[Doc # 48] is GRANTED in part and DENIED in part** as follows:

The First Amended Complaint **[Doc #16]** is **DISMISSED *with* prejudice** as a sanction pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

---

[3]*Accord Briscoe v. Klaus*, 538 F.3d 252, 262-63 (**3d Cir.** 2008) ("[W]here a plaintiff . . . is proceeding in forma pauperis, we have upheld the District Court's conclusion that no alternative sanctions existed because monetary sanctions, including attorney's fees, 'would not be an effective alternative.'") (quoting *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002));

*Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (**5th Cir.** 2011) ("'We recognize that the majority of lesser sanctions available to a district court are unlikely to create the same incentive to comply in a litigant who proceeds in forma pauperis, and is therefore essentially judgment proof, than for the average litigant who pays her own way in court.'") (quoting unpublished Fifth Circuit decision).

The defendants' request for an award of attorneys fees, however, is **DENIED**.

As required by FED. R. CIV. P. 58(a)(1), judgment will be issued as a separate document.[4]

DATED: March 18, 2014

*[signature: Valerie Baker Fairbank]*

VALERIE BAKER FAIRBANK
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] *See Cox v. California*, 2013 WL 3755956, *2 n.2 (C.D. Cal. July 16, 2013) (Valerie Baker Fairbank, J.) (citing, *inter alia*, *Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013) (adopting opinion which concluded, "The Court will issue a separate Judgment as required by Rule 58(a)."); *see also Bravo v. City of Santa Maria*, 665 F.3d 1076, 1079 n.5 (9th Cir. 2011).

*Accord Rainey v. Lipari Foods, Inc.*, No. 13-2225, – F. App'x –, 2013 WL 6038680, *3 (7th Cir. 2013) ("Rule 58(a) generally requires that a judgment be set out in a separate document, . . . .") (citing *Brown v. Fifth Third Bank*, 730 F.3d 698, 699 (7th Cir. 2013)); *Brown v. Recktenwald*, No. 13-2028, – F. App'x –, 2013 WL 6439653, *2 n.2 (3d Cir. Dec. 10, 2013) (per curiam) ("The District Court did not comply with the separate order rule set forth in [Rule] 58(a).").

"To comply with Rule 58, an order must (1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit or substantially omit the district court's reasons for disposing of the claims." *Daley v. U.S. Attorney's Office*, 538 F. App'x 142, 143 (3d Cir. 2013) (per curiam) (citing *LeBoon v. Lancaster Jewish Cmty. Ass'n*, 503 F.3d 217, 224 (3d Cir. Ctr. 2007)). Conversely, "[a] combined document denominated an 'Order and Judgment,' containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription." *In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008); *see, e.g., Daley*, 538 F. App'x at 143 ("Here, the District Court's Memorandum Order contained its reasoning for dismissing Daley's complaint and therefore did not comply with Rule 58.").

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR SANCHEZ,<br><br>    Plaintiff,<br><br>v.<br><br>DEPUTY RODRIGUEZ et al.,<br><br>    Defendants. | NO. CV 11-06950-VBF (MAN)<br><br>OPINION and ORDER<br><br>(1) Adopting the Report and Recommendation;<br><br>(2) Dismissing Amended Complaint with Prejudice;<br><br>(3) Denying Defendants' Request for Attorneys' Fees |

    This is a prisoner's civil-rights action under 42 U.S.C. section 1983. The U.S. Magistrate Judge has issued a Report and Recommendation ("R&R") recommending that this action be dismissed with prejudice and terminated as a sanction for failure to comply with court-ordered discovery obligations. For the reasons that follow, the Court will adopt the R&R and dismiss the complaint with prejudice as a sanction under Fed. R. Civ. P. 37.

    The Magistrate is right that where a party's noncompliance with a discovery order is the asserted basis for dismissal as a sanction, the court must employ the discovery-specific Rule 37 rather than relying on Rule 41(b), the general rule governing involuntary dismissal, or on the court's inherent authority, so long as Rule 37 is "up to the task." *See* R&R at 5-6 (citing *Societe*

*Internationale*, 357 U.S. at 207, and *Chambers*, 501 U.S. at 49 n.14, respectively); *see also Clinton v. Jones*, 520 U.S. 681, 709 n.42, 117 S. Ct. 1636, 1652 n.42 (1997) ("'[I]f in the informed discretion of the court, neither the statute nor the rules are up to the task , the Court may safely rely on its inherent power' in imposing appropriate sanctions") (quoting *Chambers*, at 501 U.S. at 50); *see, e.g., Glassman v. Raytheon Non-Bargaining Ret. Plan*, 259 F. App'x 932, 933 (9th Cir. 2007) ("Nor did the district court abuse its discretion in granting Raytheon attorneys' fees under its inherent power rather than Rule 11. We affirm the . . . specific finding that Glassman engaged in 'vexatious litigation' by filing her complaint and maintaining her lawsuit, which justifies . . . sanctions. Because Rule 11(c)(2)(A) explicitly prohibits a court from imposing monetary sanctions on a represented party, the judge 'safely rel[ied]' on her inherent power to directly sanction Glassman where the Rules were not 'up to the task' to do so.") (citing *Chambers*) (other cites omitted).

**Considering the motion for a terminating sanction under Rule 37 case law, the Court agrees that dismissal of the FAC with prejudice is appropriate.** As the Magistrate notes (R&R at 6), Rule 37(b)(2)(A) authorizes the court to impose whatever sanctions are just when a party fails to comply with a discovery order, up to dismissal of part or all of the party's claims, and Rule 37(d)(3) authorizes the same sanctions against a party who fails to respond to interrogatories or requests for production. "By the very nature of its language, sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge." *O'Connell v. Fernandez-Pol*, 542 F. App'x 546, 547-48 (9th Cir. 2013) (citing *Craig v. Far West Eng'g Co.*, 265 F.2d 252, 260 (9th Cir. 1959)).

**In order to impose the sanction of dismissal, a court must first find that plaintiff's noncompliance was due to "willfulness, bad faith, or fault."** R&R at 7 (quoting *Henry*, 983 F.2d at 946); *see also Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (citing *Henry*, 983 F.2d at 946 (quoting *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985))). *See, e.g., Volcan Group, Inc. v. Omnipoint Comms., Inc.*, No. 12-35217, 2014 WL 68488, *4, – F. App'x – (9th Cir. Jan. 9, 3014) (affirming dismissal as a sanction) ("The record also supports the district court's finding that Netlogix's spoliation of evidence resulted from 'willfulness, fault, or bad faith.'") (quoting *Anheuser-Busch*, 69 F.3d at 348).

As the Magistrate notes, "willfulness, bad faith, or fault" does not require wrongful intent;

rather, disobedient conduct not shown to be outside the party's control is by itself sufficient to establish willfulness, bad faith, or fault. *See* R&R at 7 (quoting *Jorgensen*, 320 F.3d at 912, and citing *Henry*, 983 F.2d at 948); *see also Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994) (citing *Henry*, 983 F.2d at 948). **The Court would note that plaintiff has not attempted to show that his repeated failure to comply with discovery obligations imposed on him by the Federal Rules and by this court's Orders was "outside his control."** *See Hyde & Drath*, 24 F.3d at 1167 ("Given the lack of proof corroborating Stonehaven's claim [that it had been dissolved and had no current officers and no former officers under its control to send to the depositions], the court did not abuse its discretion in finding Stonehaven at fault and in imposing sanctions.") (contrasting *General Houses v. Marloch Mfg. Corp.*, 239 F.2d 510 (2d Cir. 1956) (reversing order which dismissed complaint as a discovery sanction, because plaintiff's counsel had submitted affidavits corroborating his claim that "at the time deposition was noticed, its client 'no longer had any officers who knew about the transactions nor any control over the former officers who had such knowledge'")).

**Accordingly, the Magistrate is right to find that plaintiff's noncompliance with discovery orders was willful:** plaintiff failed to respond to interrogatories propounded on him in mid-January 2013, then failed to respond to defense counsel's letter extending plaintiff's time to respond to the interrogatories, requiring defendants to file a motion to compel. In April 2013 this Court issued an Order granting the motion to compel and warning plaintiff that further noncompliance could result in the imposition of sanctions, including dismissal. Plaintiff responded only by requesting more time to provide discovery, offering no excuse for his previous noncompliance except the fact that he was incarcerated and lacked funds to "get the paper work wanted by Defendant", failing to identify any document he did not possess and allegedly could not afford to obtain. Plaintiff did nothing with the extensions granted, forcing the defendants to file a motion to compel and then ignoring the Court's subsequent order compelling him to fulfill his discovery obligations, *see* R&R at 8-10, thereby preventing defendants from conducting meaningful discovery, *see Webster v. Dep't of Veterans Affairs*, – F. App'x –, 2014 WL 23785, *1 (9th Cir. Jan. 2, 2014)) ("The district court did not abuse its discretion by imposing terminating sanctions under Fed. R. Civ. P. 37(b)(2) on the basis of Webster's willful violations of the court's discovery orders

that prevented defendants from conducting meaningful discovery.").

As the Magistrate notes, plaintiff admits that he received the discovery requests, the motion to compel, and the order granting the motion to compel, so the Magistrate is right to infer from his complete noncompliance (and for some time now, unresponsiveness) that "he simply does not care about meeting his obligations as a plaintiff in this case and has no" intention of doing so, R&R at 10-11. *Cf. O'Connell v. Fernandez-Pol*, 542 F. App'x 546, 547-48 (9th Cir. 2013) (affirming decision to strike answer under FRCP 37 as a sanction for failure to produce documents in discovery, failure to file a notice of appearance after being ordered to do so, and failure to respond to motion for sanctions, and affirming the subsequent granting of judgment as a matter of law to the defendant).

**The Magistrate employs the correct test for determining the propriety of dismissal as a discovery sanction, considering these five factors:** (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking the sanctions (here the defendants); (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See* R&R at 7 (citing *Connecticut General Life Ins. Co.*, 482 F.3d at 1096, and *Henry*, 983 F.2d at 948). The Court notes that these are the same factors which Ninth Circuit courts consider when deciding whether to impose a terminating sanction against a party pursuant to Fed. R. Civ. P. 41 for lack of prosecution. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984))). Accordingly, the Court has also considered Ninth Circuit decisions applying this five-factor test for purposes of Rule 41(b).

**The Magistrate notes Ninth Circuit precedent holding that where it is the violation of a court order which serves as the basis for the terminating-sanction request**, factors 1 and 2 (public interest in expeditious resolution of litigation and the court's need to manage its docket)

support a terminating sanction[1] while factor 4 (the public policy favoring disposition of cases on their merits) weighs against such a sanction[2], leaving the third and fifth factors as the critical ones. *See* R&R at 7 (citing *Valley Engineers*, 158 F.3d at 1057, and *Henry*, 983 F.2d at 948). The Magistrate rightly qualifies this statement, however, by noting that the public policy favoring disposition of cases on their merits is *not* furthered by litigants, like our plaintiff, who refuse to provide discovery needed for preparation of a defense against his claims. *See* R&R at 11-12 (citing *In re PPA*), 460 F.3d at 1228); *cf. also Meeks v. Wells Fargo Bank*, 2014 WL 295171, *2 (E.D. Cal. Jan. 27, 2014) ("Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiffs' failure to prosecute the action in any way makes disposition on the merits an impossibility. [T]herefore . . . this action [will] be dismissed due to plaintiffs' failure to prosecute as well as their failure to comply with the court's orders."); *Bratton v. Ontario Police Dep't*, 2013 WL 6798003, *3 (C.D. Cal. Dec. 17, 2013) ("By failing to inform the Court of her current address, to file a First Amended Complaint, and to respond to the . . . OSC, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders or move the case forward.").

**As to the third factor (the risk of prejudice to the other parties),** "[f]ailing to produce documents as ordered is considered sufficient prejudice" as a matter of law, *see PPA*, 460 F.3d at

---

[1] *See Clear Channel Entertainment / Televisa Music Corp. v. Mexico Musical, Inc.*, 252 F. App'x 779, 780 (9th Cir. 2007) ("In general, the first two of these factors, expeditious resolution of litigation and the district court's need to manage its docket, favor the imposition of sanctions in most cases . . . ."); *see, e.g., Avery*, 2013 WL 2250990 at *2 ("Plaintiff's delay necessarily implicates both the public interest in the expeditious resolution of litigation and the Court's need to efficiently manage its docket, the first and second factors.") (citing, *inter alia*, *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999)). This is particularly true where, as here, the petition was filed nearly three years ago. *See Pogue v. Hedgpeth*, 2014 WL 897037, *2 (E.D. Cal. Mar. 6, 2014) (Sheila Oberto, M.J.) ("The petition has been pending for a lengthy period. The Court therefore finds that the public's interest in expeditiously resolving this litigation and this Court's interest in managing the docket weigh in favor of dismissal.").

[2] Our Circuit has advised that "[t]his policy favoring resolution on the merits 'is particularly important in civil rights cases.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987)). It was plaintiff's responsibility to move his case toward disposition at a reasonable pace and to eschew dilatory or uncooperative tactics, however, *Morris*, 942 F.2d at 652, and he has shirked this duty. In such circumstances, the public interest favoring resolution of cases on their merits does not outweigh the factors which favor dismissal. *See, e.g., Mackenzie v. Ashcroft*, 2008 WL 5111873, *2 (C.D. Cal. Dec. 3, 2008).

1227 (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)); *see also* R&R at 13, and "'[t]he law also presumes prejudice from unreasonable delay'", R&R at 13 (quoting *PPA*).

The Court would further note our Circuit's holding that the party facing possible sanction may rebut the presumption that his delay has prejudiced the opposing parties. *See PPA*, 460 F.3d at 1228 (citing *In re Eisen*, 31 F.3d at 1452-53 (citing *Anderson*, 542 F.3d at 524)). If plaintiff proffered an excuse for delay or noncompliance that were "'anything but frivolous'", the burden of production would shift to the defendants to show some actual prejudice. If the defendants showed actual prejudice, the plaintiff would have to persuade the court that "the claims of prejudice are illusory or relatively insignificant in light of his excuse." *See PPA*, 460 F.3d at 1228 (quoting *In re Eisen*, 31 F.3d at 1453 (citation omitted)). Here, however, plaintiff has not attempted to provide *any* excuse for his noncompliance with court-ordered discovery and the concomitant delay of these proceedings, *see* R&R at 13, let alone a non-frivolous excuse. Consequently, the presumption stands that his noncompliance and delay have prejudiced the defendants. That means the Magistrate is right to conclude that the third of the five factors favors a terminating sanction against plaintiff.

**As to the fifth factor, the Court agrees that there is no reason to believe that sanctions short of dismissal would induce plaintiff to comply with discovery obligations**. *See* R&R at 12-13 ("Warnings and threats of dismissal plainly have no effect on plaintiff") (citing *Hester*, 687 F.3d at 1170-71). As a sister court recently stated, "The Court's Order . . . gave petitioner thirty days to comply with the Court's order [and] expressly informed Petitioner that the action would be dismissed if Petitioner failed to [do so]. Plaintiff has failed to respond . . . or otherwise inform the Court of his intentions. Accordingly, no other alternative to dismissal is appropriate." *Calderon v. Holland*, 2014 WL 950367, *2 (E.D. Cal. Mar. 11, 2014).

**The Magistrate is also right to conclude that because plaintiff is proceeding in forma pauperis due to documented indigency, plaintiff would be unable to pay a monetary sanction** and the imposition of such a sanction would be futile as a means of inducing him to comply with this Court's discovery orders. *See* R&R at 12-13 n.7 (citing no cases); *see, e.g., Kindred v. Doe*, 2014 WL 793095, *3 (C.D. Cal. Feb. 26, 2014) (Collins, J.) ("[U]nder the circumstances presented (i.e.

plaintiff's *pro per* and if[p] status), it does not appear to the Court that there are any less drastic sanctions available for the Court to impose."); *Pappas v. Rojas*, 2013 WL 6145141, *4 (C.D. Cal. Nov. 21, 2013) (Carney, J.) ("Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney's fees . . . . In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant proceeding in forma pauperis under the PLRA or has already been employed with no apparent effect.") (internal citation to *Malone v. US Postal Service*, 833 F.2d 128, 132 n.1 (9th Cir. 1987)).

Therefore the Magistrate (R&R at 14-15) is right to recommend denial of the defendants' request for an award of attorneys fees incurred in bringing their motion for sanction. *Accord Morrow v. Sacramento DEA*, 2014 WL 907349, *3 (E.D. Cal. Mar. 7, 2014) ("[I]n light of plaintiff's in forma pauperis status, the court has little confidence that plaintiff would pay monetary sanctions if they were imposed in lieu of dismissal."); *Oppedahl v. Orange County Healthcare Agency*, 2014 WL 495624, *2 (C.D. Cal. Feb. 6, 2014) (Fitzgerald, J.) ("Other possible sanctions for plaintiff's failures are not appropriate with respect to a pro se prisoner litigant seeking to proceed in forma pauperis.").[3]

ORDER

The Report and Recommendation **[Doc #55] is ADOPTED** without objection.

Defendants' unopposed Motion for Terminating Sanction and/or Involuntary Dismissal **[Doc # 48] is GRANTED in part and DENIED in part** as follows:

The First Amended Complaint **[Doc #16]** is **DISMISSED *with* prejudice** as a sanction pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

---

[3] *Accord Briscoe v. Klaus*, 538 F.3d 252, 262-63 (**3d Cir.** 2008) ("[W]here a plaintiff . . . is proceeding in forma pauperis, we have upheld the District Court's conclusion that no alternative sanctions existed because monetary sanctions, including attorney's fees, 'would not be an effective alternative.'") (quoting *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002));

*Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (**5th Cir.** 2011) ("'We recognize that the majority of lesser sanctions available to a district court are unlikely to create the same incentive to comply in a litigant who proceeds in forma pauperis, and is therefore essentially judgment proof, than for the average litigant who pays her own way in court.'") (quoting unpublished Fifth Circuit decision).

7

1 The defendants' request for an award of attorneys fees, however, is **DENIED**.

2 As required by FED. R. CIV. P. 58(a)(1), judgment will be issued as a separate document.[4]

5 DATED:      March 18, 2014

*Valerie Baker Fairbank*

VALERIE BAKER FAIRBANK
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] *See Cox v. California*, 2013 WL 3755956, *2 n.2 (C.D. Cal. July 16, 2013) (Valerie Baker Fairbank, J.) (citing, *inter alia*, *Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013) (adopting opinion which concluded, "The Court will issue a separate Judgment as required by Rule 58(a)."); *see also Bravo v. City of Santa Maria*, 665 F.3d 1076, 1079 n.5 (9th Cir. 2011).

*Accord Rainey v. Lipari Foods, Inc.*, No. 13-2225, – F. App'x –, 2013 WL 6038680, *3 (7th Cir. 2013) ("Rule 58(a) generally requires that a judgment be set out in a separate document, . . . .") (citing *Brown v. Fifth Third Bank*, 730 F.3d 698, 699 (7th Cir. 2013)); *Brown v. Recktenwald*, No. 13-2028, – F. App'x –, 2013 WL 6439653, *2 n.2 (3d Cir. Dec. 10, 2013) (per curiam) ("The District Court did not comply with the separate order rule set forth in [Rule] 58(a).").

"To comply with Rule 58, an order must (1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit or substantially omit the district court's reasons for disposing of the claims." *Daley v. U.S. Attorney's Office*, 538 F. App'x 142, 143 (3d Cir. 2013) (per curiam) (citing *LeBoon v. Lancaster Jewish Cmty. Ass'n*, 503 F.3d 217, 224 (3d Cir. Ctr. 2007)). Conversely, "[a] combined document denominated an 'Order and Judgment,' containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription." *In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008); *see, e.g., Daley*, 538 F. App'x at 143 ("Here, the District Court's Memorandum Order contained its reasoning for dismissing Daley's complaint and therefore did not comply with Rule 58.").